Felix H. Rosser v. Commissioner.
Rosser v. Commissioner
Docket No. 3954-69.
United States Tax Court
T.C. Memo 1971-70; 1971 Tax Ct. Memo LEXIS 262; 30 T.C.M. (CCH) 295; T.C.M. (RIA) 71070; April 13, 1971, Filed Ronald Morello, for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined a deficiency ficiency in Miracle Laboratories, Inc.'s income tax for taxable year 1965 of $17,717.01 and an addition to tax of $4,429.25 under section 6651(a). [1]
The sole issue to be decided is whether petitioner Felix H. Rosser is liable for the deficiency and addition to tax as transferee of the assets of Miracle Laboratories, Inc. (hereinafter referred to as Miracle or transferor). All of the facts are stipulated and the stipulation of facts *263 is incorporated herein by this reference. Petitioner was a resident of Abilene, Texas, at the time of filing the petition in this case and was the sole shareholder of Miracle, a Texas corporation with its principal office in Abilene, Texas. On or about August 31, 1965, Miracle sold assets having a fair market value of $98,000. The entire $98,000 was paid directly to petitioner in the form of notes made payable to him ($71,000) and cash ($27,000). Miracle received none of the proceeds nor any consideration in lieu thereof. This transfer of assets by Miracle accompanied by the payment of the sale proceeds to petitioner, rendered the corporation insolvent and without assets with which to pay any deficiency in income tax, interest thereon, or addition to tax. On May 5, 1969, respondent sent Miracle a statutory notice, asserting a deficiency in its income tax for taxable year 1965 of $17,717.01 as well as an addition to tax of $4,429.25 for failing to file a return under section 6651(a). On September 15, 1969, Miracle filed a petition in this Court seeking a redetermination of the asserted deficiency and addition to tax. Upon Miracle's failure to appear in that action, the case *264 was dismissed for lack of prosecution on February 8, 1971. Petitioner in the instant proceeding likewise failed to enter an appearance at the trial. The fair market value of the sales proceeds that passed to petitioner obviously exceeded the amount of the deficiency and addition to tax due from the transferor. The only question to be answered is whether petitioner is liable as transferee for the taxes owed by Miracle, the transferor. On this issue respondent carries the burden of proof. Section 6902. We have recently held that - To meet his burden of proof respondent must show that the transfer of assets was without adequate consideration, that the transferor was insolvent at the time of the transfer or was rendered insolvent by the transfer, and either that he has exhausted his remedies against the transferor, or that to proceed against the transferor would be a useless gesture. Stewart C. Holmes, 47 T.C. 622, 626 (1967), and Kreps v. Commissioner, 351 F. 2d 1, 8 (C.A. 2, 1965), affirming 42 T.C. 660 (1964). Respondent also has the burden of establishing the value of the assets received by the transferee. R.E. Burdick, 24 B.T.A. 1297, 1308 (1931). *265 296 Francis L. Hine, 54 T.C. 1552, 1558 (1970). All of the requirements set forth above are clearly satisfied by respondent. There has been a passive transfer, without consideration, of the sale proceeds from Miracle to petitioner. This transfer rendered Miracle insolvent and was in an amount more than sufficient to pay any tax owing. What remains of Miracle is no more than an empty shell and any proceeding by respondent against it would be a useless gesture. We therefore hold that respondent has met his burden and petitioner is liable as a transferee for the deficiency, interest, and addition to tax due from Miracle. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩